# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GREGORY P. ZSEDENNY,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>　　　　Agency. | DOCKET NUMBER<br>SF-0752-21-0346-I-1<br><br><br>DATE:  May 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cindy ZseDenny, Penn Valley, California, for the appellant.

Kathryn Price, Los Angeles Air Force Base, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  For the reasons discussed below, we GRANT the appellant's petition for review and VACATE the initial decision.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed as a Maintenance Mechanic Supervisor at the Beale Air Force Base in California. Initial Appeal File (IAF), Tab 1 at 1, 9. On March 7, 2020, the agency indefinitely suspended the appellant for issues related to his security clearance. IAF, Tab 6 at 11, Tab 11 at 51. On January 28, 2021, while the appellant was indefinitely suspended, the agency issued a notice proposing to remove him for one charge of conduct unbecoming a Federal employee (four specifications) after an agency investigation found that between March 2017 and June 2019 the appellant made claims for unauthorized charges for travel expenses in an estimated amount of $3,943.37. IAF, Tab 1 at 9-13. The proposal offered the appellant 10 days to respond. *Id.* at 10.

On February 3, 2021, the appellant sent an email from his personal email account to several agency personnel, with the subject line "Letter of Resignation" and an attachment titled "G ZseDenny's Resignation Ltr_6 Feb 21." IAF, Tab 6 at 5. In the letter, the appellant asserted, "I wish to officially state that I am quite confused about this recent turn of events to have me removed from Federal Civil Service," and explained that the appeal of his indefinite suspension was still pending. *Id.* at 8. He noted that "no one wants to be removed from [a] position, myself included—and most will resign before it comes to this" and posed questions such as "I cannot help but wonder why it is that you are suddenly trying to force me to resign?" *Id.* at 9. He concluded "[s]o, it is with protest and under much duress, due to this recent threat to my well-being and records, that I hereby resign my position . . . effective 6 February 2021." *Id.* The appellant hand-delivered two printed copies of his letter to his supervisor and slid another copy under the door of another management official. *Id.* at 11, Tab 28 at 13. A human resources official copied on the email confirmed receipt of the appellant's letter the next day. IAF, Tab 6 at 6.

On March 12, 2021, Civilian Personnel Officer (CPO) Burlingame emailed the appellant seeking "clarity and confirmation" of his email. *Id.* at 10. She

asked the appellant to elaborate on his claim of duress so the agency could properly address his concerns and requested that he respond with a clear and voluntary statement of resignation within 10 days if he still wished to resign. *Id.* On March 16, 2021, the CPO telephoned the appellant and left a message regarding the same. IAF, Tab 29 at 105. The appellant did not respond. IAF, Tab 6 at 12. On April 2, 2021, the agency issued a decision letter removing the appellant from his position effective April 9, 2021. IAF, Tab 1 at 15.

The appellant subsequently filed the instant, timely Board appeal arguing that the agency should have processed his resignation on February 6, 2021, and that the agency's removal action should be considered invalid because his resignation terminated his employment and thus the agency had no authority to remove him. *Id.* at 6. He also argued, should the Board disagree on the resignation issue, that the agency violated his due process rights during the removal action by effectively denying him the opportunity to respond to the charges against him since the agency caused him to reasonably believe that he was resigned from his position and that he no longer had any reason to respond to the notice of proposed removal. *Id.*

After considering the written record, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 21 at 4, Tab 33, Initial Decision (ID) at 1. The administrative judge concluded that the appellant did not effectively resign because "the voluntariness" of his intent to resign "was sufficiently ambiguous [such] that the agency was not required to accept it." ID at 6. The administrative judge determined that although the appellant clearly said he resigned and gave an effective date, he also said it was against his will, under duress, and with protest; he specifically asked the CPO for advice and thus should have expected further communication; and he left the agency in the awkward position of having an apparent resignation letter and an apparent statement that that resignation was involuntary. *Id.* The administrative judge also considered the appellant's due process argument but found there was no merit to the

appellant's claims because the agency gave him the opportunity to respond to the proposal. ID at 7-8. The administrative judge then determined that the agency proved its charge, that there was a nexus, and that the penalty of removal was reasonable. ID at 8-13.

The appellant has filed a petition for review disputing the administrative judge's findings on the resignation issue. Petition for Review (PFR) File, Tab 1 at 4-6. He reasserts the facts of his case and suggests that the administrative judge legally and factually erred because he fully and clearly resigned from his position prior to the removal.[2] *Id.* The agency has filed a response. PFR File, Tab 3. The appellant filed a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee is free to resign at any time, to set the effective date of his resignation, and to have his reasons for resigning entered in his official records. 5 C.F.R. § 715.202(a). The Board has held that an employee's expression of a present intent to resign must be definite and unequivocal and when it is ambiguous, the agency is not entitled to rely upon it. *Hammond v. Department of the Navy*, 50 M.S.P.R. 174, 181 (1991) (explaining that a conditional resignation may be ambiguous because a condition may add uncertainty as to whether a statement expresses a present or future intent to resign, and that the agency may contact an appellant to clarify such an ambiguity). In determining whether an employee has effectively resigned, the Board considers the totality of the circumstances. *Balagot v. Department of Defense*, 102 M.S.P.R. 96, ¶ 7 (2006)

---

[2] In support of his argument, the appellant asserts that he followed the Office of Personnel Management's "The Guide to Processing Personnel Actions" (GPPA) in tendering his resignation and he submits excerpts from the GPPA for the first time on review. PFR File, Tab 1 at 4-5, 7-47. Because the appellant raised this argument below and has failed to show that this evidence is new and material, we will not consider it. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (recognizing that, under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *see also* IAF, Tab 28 at 15-16.

(citing *Robinson v. U.S. Postal Service*, 50 M.S.P.R. 433 (1991); *Heinze v. Department of the Interior*, 47 M.S.P.R. 375, *aff'd*, 949 F.2d 403 (Fed. Cir. 1991) (Table)). The Board has found that when an effective resignation moots a subsequent removal action, the administrative judge should not alternatively address the merits of the removal. *Schumert v. U.S. Postal Service*, 41 M.S.P.R. 350, 351-52 (1989).

Here, we find that the administrative judge legally erred in concluding that the appellant did not effectively resign. The record shows that the subject line of the appellant's February 3, 2021 email read, "Letter of Resignation" and the body stated, "Please find my letter of resignation attached. CPO: What is required to settle my records, leave, final-out, etc." IAF, Tab 6 at 5; ID at 3. The appellant sent the email to multiple agency personnel, including his supervisor and human resources officials, and the attached letter clearly stated that he resigned and gave an effective date. IAF, Tab 6 at 5-9; ID at 6. The appellant explained in an affidavit that when he hand-delivered printed copies of the letter to his supervisor, the two had a conversation about his resignation and shook hands. IAF, Tab 28 at 13. Such circumstances clearly demonstrate that the appellant's intent to resign was definite, unequivocal, and unconditional. *Cf. Hammond v. Department of the Navy*, 35 M.S.P.R. 644, 648 (1987) (finding that an appellant's purported letter of resignation did not evince a definitive and unconditional resolve to resign when it was ambiguously and expressly conditioned upon an agency decision on his request for leave without pay, did not announce an effective date, and when the record did not disclose that the appellant engaged in any other conduct consistent with an intention to resign). The Board has found that employees have effectively resigned under circumstances much less calculated than those presented here. *See Robinson*, 50 M.S.P.R. at 438 (finding that the appellant's statements and actions signified an intent to resign effective immediately when the appellant stated that he was quitting, left the premises before the end of his scheduled workday, and did not return to work for his

scheduled tours of duty the following 2 days); *Heinze*, 47 M.S.P.R. at 378 (similar).

Although the appellant stated that he was resigning "with protest and under much duress" due to the "threat to [his] well-being and records," the appellant's reasons for resigning are beside the point for purposes of evaluating whether his February 3 letter and conduct constituted an effective resignation. IAF, Tab 6 at 9; *see McDermott v. Department of Justice*, 82 M.S.P.R. 19, ¶¶ 8-12 (1999) (separately analyzing whether the appellant's resignation was effective and whether it was involuntary). The relevant inquiry is whether the appellant's intent to resign was ambiguous, not whether the voluntariness behind that expressed intent was ambiguous. *See Hammond*, 50 M.S.P.R. at 181. Because the appellant's expressed intent to resign was not ambiguous, the agency should have processed his resignation.

Accordingly, we find that the administrative judge erred in concluding that the agency was not required to accept the appellant's February 3 letter of resignation and by subsequently addressing and affirming the merits of the agency's removal action.

## ORDER

We ORDER the agency to rescind the removal action and to correct the appellant's Standard Form 50 and other official records to reflect that he separated from the agency as the result of a resignation effective February 6, 2021. The agency must complete this action no later than 20 days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195,

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



*Gina K. Grippando*

FOR THE BOARD:                    _____
                                                 Gina K. Grippando
                                                 Clerk of the Board

Washington, D.C.